**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sheri Blumenthal, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| GE Capital Retail Bank; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Sheri Blumenthal, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the Massachusetts Consumer Protection Act (the "MCPA"), M.G.L. c. 93A § 2, *et seq*, and the invasion of Plaintiffs' personal privacy by the Defendants and their agents.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Sheri Blumenthal ("Plaintiff"), is an adult individual residing in Revere, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant GE Capital Retail Bank ("GE"), is a Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by GE and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. GE at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, GE contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

9. At all times mentioned herein, GE contacted Plaintiff by placing calls to Plaintiff's cellular phone, using an automated telephone dialer system with an artificial or prerecorded voice of 47 U.S.C. § 227(b)(1)(A)(iii), (hereafter "Robocalls").

10. When Plaintiff answered Robocalls from GE, she would hear a prerecorded message that stated the call was intended for her, and if the individual answering the call was Plaintiff, to press one. When Plaintiff pressed one, she would merely be transferred to another automated prompt.

11. Upon information and belief, Plaintiff never provided her cellular telephone number to GE, and never provided GE with express permission to place calls to her cellular phone.

12. Frustrated with the frequency of the Robocalls and her inability to gain any information through the automated prompts, during the month of November, 2013, Plaintiff sent GE a written cease and desist letter, instructing them to cease all Robocalls to her cellular phone.

13. Despite Plaintiff's request, GE continued to harass Plaintiff with Robocalls to her cellular phone at a rate of over six calls on a daily basis, which caused Plaintiff great inconvenience and concern.

## COUNT I
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

16. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

17. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

20. Plaintiff never provided consent to GE to place calls to her cellular phone, and in the event that she had, Plaintiff revoked her consent to be contacted by Defendants on her cellular telephone by her demand to cease calling her cellular telephone.

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Defendants constitute a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

23. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

28. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced phone calls.

29. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

32. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
3. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2014

                      Respectfully submitted,

                      By   /s/ Sergei Lemberg

                      Sergei Lemberg (BBO# 650671)
                      LEMBERG LAW, L.L.C.
                      1100 Summer Street, 3rd Floor
                      Stamford, CT 06905
                      Telephone: (203) 653-2250
                      Facsimile:  (203) 653-3424
                      Attorneys for Plaintiff